UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

                                        Case No. 15 CR 787 JH

VIDAL SANDOVAL,

       Defendant.

## UNOPPOSED MOTION TO CONTINUE
## JUNE 20, 2016 TRIAL SETTING

The Defendant Vidal Sandoval, by and through his attorney Billy R. Blackburn, with the concurrence of Assistant United States Attorney Sean J. Sullivan, respectfully requests this Court to vacate and continue the trial currently scheduled for June 20, 2016. As grounds in support thereof, the Defendant states as follows:

       1.      On March 10, 2015, an Indictment was returned charging Defendant with attempt to possess cocaine with the intent to distribute in violation of 21 U.S.C. §846 as well as a forfeiture count seeking $19,500.00 in United States Currency. (Doc. 2).

      2.      The Defendant was arrested on March 13, 2015, and an initial appearance was conducted by United States Magistrate Judge Karen B. Molzen on the same date. (Doc. 4).

      3.      On March 13, 2015, Magistrate Judge Molzen appointed the Federal Public Defender to represent Defendant. (Doc. 7).

      4.      Defendant appeared for arraignment before Magistrate Judge Molzen on March 16, 2015, and was released under conditions. (Docs. 9 and 11).

      5.      Trial was initially scheduled for April 20, 2015. On March 25, 2015, an

Order Continuing Trial Setting was entered setting this matter for trial to commence on June 15, 2015.  (Doc. 16).

6. On April 14, 2015, a Superseding Indictment was returned against Defendant.  (Doc. 18).  On April 22, 2015, Defendant appeared before United States Magistrate Judge Kirtan Khalsa for arraignment as to the Superseding Indictment.  (Doc. 21).

7. Following entry of the Superseding Indictment, Defendant retained attorney Billy R. Blackburn as his counsel of choice.  Attorney Blackburn filed an entry of appearance on April 24, 2015.

8. On April 27, 2015, an order was entered by United States Magistrate Judge Lorenzo F. Garcia permitting Federal Public Defender Aric G. Elsenheimer to withdraw from representation of Defendant in this matter.

9. The Superseding Indictment included the same charge and forfeiture allegation as the initial Indictment and added two counts of theft of government property.  The additional charges presented novel theories which required detailed investigation and research by the defense.

10. On June 4, 2015, the Government provided defense counsel with substantial discovery.  (Discovery was previously provided to the Public Defender's Office.  In the interest of justice, the parties agreed the Government would produce full discovery to private counsel as well).  The discovery produced included twenty-seven (27) discs, including documentation, photographs, audio and video recordings and other discovery.

11. Defendant required time to complete the investigation and preparation

process in order to develop a full defense.  This process was more complicated in this matter in part because Defendant resides three hours from counsel's office in Albuquerque.

12.     The parties have been working extensively in an attempt to resolve this matter via plea agreement.  However, the circumstances of this matter create unique considerations for the parties and complicate consideration of potential sentencing consequences pursuant to the confines of 21 U.S.C. §841 and the United States Sentencing Guidelines to a degree which is largely absent in typical cases involving the charged offenses.  This required extensive legal research, consultation between Defendant and his counsel (hindered by the distance between Defendant's employment and residence in far northern New Mexico and counsel's presence in Albuquerque, where this case is prosecuted), and further communication between the Government and the defense.  Unfortunately, this process was recently hindered due to counsel's limited availability, in particular issues related to counsel's appointment to represent a death-eligible defendant in the case entitled *United States v. DeLeon*, Case No. 15 CR 4268, currently pending before the Honorable James O. Browning, and the immediate demands in cases of such nature.

13.     The parties continue to discuss a resolution in this matter and believe in good faith that they will soon reach a resolution which will alleviate the need for trial. However, the Assistant United States Attorney will be unavailable the week of May 30, 2016, and defense counsel requires additional time in order to ensure to provide appropriate advice and counsel to Defendant as to any potential plea and Defendant requires additional time within which to consult with counsel concerning the same.

Thus, it is appropriate to continue this matter to permit plea discussions to continue. See Missouri v. Frye, 132 S.Ct. 1399 (2012)(right to the assistance of counsel during plea negotiations is protected by the Sixth Amendment).

14.     The Government's investigation in this matter commenced in July 2014, and continued for approximately eight months prior to presenting this case to the grand jury. As the defense obviously lacks the resources, and ability to maximize investigatory hours and focus entirely on this matter which the Government enjoyed, it is unreasonable and unfair to require the defense to review the voluminous discovery, conduct necessary investigation, engage in informed plea discussions with the Government, and adequately prepare for trial in the limited time since the filing of the Superseding Indictment.

15.     Based upon the above, Defendant requests this Court vacate the trial setting of June 20, 2016, and continue the matter to the July 2016 docket in order to provide Defendant with a meaningful opportunity to fully investigate this matter, present a full defense, effectively participate in plea negotiations, possibly resolve this matter without the necessity of trial, and to otherwise fully and adequately prepare for trial. Failure to continue the trial setting will prevent defendant from properly preparing for trial and fully engaging in appropriate discussions towards a possible resolution. This would, in turn, result in a miscarriage of justice as described in 18 U.S.C. §3161(h)(7)(B)(i) and a denial of the reasonable time necessary for the effective and competent preparation described in 18 U.S.C. §3161(h)(7)(B)(iv). See United States v. Toombs, 574 F.3d 1262 (10th Cir.2009). Accordingly, a continuance is appropriate.

16.     The ends of justice and the best interests of the public will be furthered by

granting a continuance in this matter.  Due to the gravity of the potential penalties and unique aspects of this case that create especially harsh consequences on Defendant, it is of the utmost importance that the defense is vigilant in fully investigating and preparing this matter to meaningfully participate in plea discussions and/or present a full defense at trial.  Thus, a continuance of this matter will assist in ensuring the Defendant and the public maintains trust in the overall fairness of the criminal justice system regardless of the eventual outcome.

17. Failure to vacate the trial setting will prevent the parties from preparing this matter fully and adequately for trial, including investigation, preparation of motions, formulation of trial strategy, and fully conduct plea negotiations following the filing of the Superseding Indictment on April 14, 2015.  Therefore, a failure to continue this matter would negatively impact the best interests of the Defendant, the Government, and the public, as well as compromise the fairness of these proceedings.  Accordingly, the ends of justice and the best interests of the public are furthered by a continuance.

18. Counsel for Defendant has discussed this Motion and the relief requested herein with Defendant.  Defendant understands and agrees that additional time is required and the Defendant agrees that the time between the filing of this Motion and the next trial setting shall be excluded for speedy trial purposes under Title 18 U.S.C. §3161(h)(7)(A).

19. Assistant United States Attorney Sean J. Sullivan has been contacted concerning this Motion and has indicated the Government has no objection to the relief requested herein provided the matter is continued to the next calendar in less than thirty (30) days.

WHEREFORE, for the above stated reasons, the Defendant Vidal Sandoval, respectfully requests this Court vacate and continue the trial currently scheduled for June 20, 2016.

    Respectfully submitted,

    *Electronically filed 5/25/16*

    BILLY R. BLACKBURN
    Attorney for Defendant Sandoval
    1011 Lomas Blvd. NW
    Albuquerque, New Mexico  87102
    (505) 242-1600

I hereby certify that a true and accurate copy of the foregoing Motion was emailed by CM/ECF to AUSA Sean J. Sullivan this 25th day of May, 2016.

By: *Electronically filed 5/25/16*
    BILLY R. BLACKBURN